IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DONALD J. "SKIP" RILEY, JR., ) | CIVIL NO. 14-00135 LEK-RLP |
| Plaintiff, ) | |
| vs. ) | |
| NATIONAL ASSOCIATION OF ) MARINE SURVEYORS, INC.; ) SOCIETY OF ACCREDITED MARINE ) SURVEYORS, INC.; JOHN DOES 1- ) 50; JANE DOES 1-50; DOE ) PARTNERSHIPS 1-50; DOE ) CORPORATIONS 1-50; DOE ) ENTITIES 1-50; AND DOE ) GOVERNMENTAL UNITES 1-50, ) | |
| Defendants. ) _____ ) | |

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT SOCIETY OF ACCREDITED MARINE SURVEYORS, INC.'S MOTION TO DISMISS COMPLAINT FILED MARCH 17, 2014; AND TRANSFERRING THE CASE TO THE MIDDLE DISTRICT OF FLORIDA**

On July 21, 2014, this Court issued its Order Granting in Part and Denying in Part Defendant Society of Accredited Marine Surveyors, Inc.'s Motion to Dismiss Complaint Filed March 17, 2014; and Transferring the Case to the Middle District of Florida ("7/21/14 Order").[1] [Dkt. no. 31.[2]] On August 1, 2014, Plaintiff Donald J. "Skip" Riley, Jr. ("Plaintiff") filed a motion for reconsideration of the 7/21/14 Order ("Motion for

---

[1] Defendant Society of Accredited Marine Surveyors, Inc. ("SAMS") filed its Motion to Dismiss Complaint Filed March 17, 2014 ("Motion to Dismiss") on April 25, 2014. [Dkt. no. 6.]

[2] The 7/21/14 Order is also available at 2014 WL 3579651.

Reconsideration"). [Dkt. no. 34.] SAMS filed its memorandum in opposition on August 15, 2014,[3] and Plaintiff filed his reply on September 2, 2014. [Dkt. nos. 37, 39.] The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(e) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). After careful consideration of the Motion for Reconsideration, supporting and opposing memoranda, and the relevant legal authority, Plaintiff's Motion for Reconsideration is HEREBY DENIED for the reasons set forth below.

**BACKGROUND**

In the 7/21/14 Order, this Court, *inter alia*:

- concluded that Plaintiff had properly joined SAMS and NAMS in the Complaint, filed March 17, 2014, and he stated a claim for a conspiracy between SAMS and NAMS; [2014 WL 3579651, at *2;]

- concluded that venue in this district is improper because SAMS is not subject to specific or general jurisdiction in Hawai`i and, thus, SAMS cannot be considered a resident, under 28 U.S.C. § 1391(b); [id. at *3-6;] and

- transferred the case to the United States District Court for the Middle District of Florida [id. at *6-7].

In the instant Motion for Reconsideration, Plaintiff argues that the second ruling is erroneous and the third ruling would "work a 'manifest injustice.'" [Mem. in Supp. of Motion

---

[3] On August 18, 2014, Defendant National Association of Marine Surveyors, Inc. ("NAMS") filed its joinder to SAMS's memorandum in opposition. [Dkt. no. 38.]

for Reconsideration at 2.]  Plaintiff does not dispute the first ruling.

## **STANDARD**

In order to obtain reconsideration of the 7/21/14 Order, the Motion for Reconsideration "must accomplish two goals. First, a motion for reconsideration must demonstrate reasons why the court should reconsider its prior decision.  Second, a motion for reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision."  See Davis v. Abercrombie, Civil No. 11-00144 LEK-BMK, 2014 WL 2468348, at *2 (D. Hawai`i June 2, 2014) (citation and internal quotation marks omitted).  This district court recognizes three circumstances where it is proper to grant reconsideration of an order: "(1) when there has been an intervening change of controlling law; (2) new evidence has come to light; or (3) when necessary to correct a clear error or prevent manifest injustice."  Tierney v. Alo, Civ. No. 12-00059 SOM/KSC, 2013 WL 1858585, at *1 (D. Hawai`i May 1, 2013) (citing School District No. 1J v. ACandS, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993)).  "Mere disagreement with a previous order is an insufficient basis for reconsideration."  Davis, 2014 WL 2468348, at *3 n.4 (citations and internal quotation marks omitted).

**DISCUSSION**

Plaintiff does not argue that there has been an intervening change of controlling law, or that new evidence has come to light. See Tierney, 2013 WL 1858585, at *1. Instead he argues that: (1) he "presented cogent arguments and evidence" as to why venue is proper and transfer would create manifest injustice; and (2) he should not be penalized for his counsel's failure to provide persuasive legal authority. [Mem. in Supp. of Motion for Reconsideration at 2.] The Court finds that neither of these arguments warrant reconsideration of the 7/21/14 Order.

As SAMS argues, Plaintiff spends nearly the entire memorandum in support of the Motion for Reconsideration rehashing the same legal and factual arguments he made in his opposition to the Motion to Dismiss and at the hearing, based on the same evidence. [Mem. in Opp. at 7, 9.] In essence, Plaintiff simply disagrees with the Court's analysis and conclusions, which does not provide a valid basis for reconsideration.[4] See Davis, 2014 WL 2468348, at *3 n.4.

Plaintiff does present a new document, titled

---

[4] Further, the Court rejects Plaintiff's argument made in his reply that "Plaintiff's Motion [for Reconsideration] is substantively unopposed, and should be granted." [Reply at 2-3 (some citations omitted) (citing Local Rule 56.1(g)).] The Court already rejected these arguments so SAMS's failure to address each detailed point that Plaintiff makes in this second go-round is of no moment.

4

"Certificate of Appreciation for Service," purportedly given to him by SAMS for his service as Southern California Sub-Region Director. [Reply, Decl. of Donald J. "Skip" Riley, Jr., Exh. A.] He argues that this shows that Plaintiff has "reliable knowledge regarding SAMS's business practices," and therefore Plaintiff's declaration in opposition to the Motion to Dismiss should have been given due weight. [Reply at 7-8.] The Court, however, considered Plaintiff's declaration and gave it due weight. Based on it, the Court found that there was "a genuine dispute as to whether SAMS had a mentorship program in Hawai`i, held a meeting in Hawai`i, and distributed its directory of members in Hawai`i." 7/21/14 Order, 2014 WL 3579651, at *5. The Court concluded that, "[e]ven if these facts were true, . . . they are insufficient to support a finding that SAMS purposefully availed itself of Hawai`i for Plaintiff's contract claims." Id.

More generally, Plaintiff appears to argue (without legal citation), see Mem. in Supp. of Motion for Reconsideration at 4 n.1, that the Court applied the wrong standard in weighing the evidence. The Court rejects this argument. It weighed the evidence in Plaintiff's favor, and concluded that there was no basis for the exercise of jurisdiction over SAMS in Hawai`i. See, e.g., 7/21/14 Order, 2014 WL 3579651, at *5 ("the Court finds that Plaintiff fails to raise a genuine dispute that SAMS purposefully availed itself of the privilege of conducting

5

business in Hawai`i"), *6 ("Since there is no dispute of material fact as to whether the Court has general or specific jurisdiction over SAMS, the Court FINDS that SAMS is not a Hawai`i resident for venue purposes."). Plaintiff's attempt to reiterate the same arguments based on the same purported contacts does not change the fact that he has not made "a prima facie showing of jurisdictional facts to withstand the motion to dismiss." Mavrix Photo, Inc. v. Brand Techs., Inc., 647 F.3d 1218, 1223 (9th Cir. 2011) (citation omitted).

Regarding Plaintiff's newly presented cases, the Court finds that they do not support the claim made at the hearing that he has a property interest in his SAMS membership sufficient to create venue in this district. In Caruth v. International Psychoanalytical Ass'n, 59 F.3d 126, 127 (9th Cir. 1995), the Ninth Circuit reversed the district court's grant of a motion to dismiss for lack of personal jurisdiction. Contrary to Plaintiff's position, Caruth does not recognize a property right in Caruth's membership in the International Psychoanalytic Association ("IPA"). Rather, the Ninth Circuit based its decision on its conclusion that the IPA had purposefully availed itself of California, in part by expressly aiming at California in making "site visits in California[.]" Id. at 128. The opinion does not support the point made at the hearing regarding a property interest, or provide a basis for the Court to

reconsider its conclusion that a "'substantial part of property that is the subject of the action is situated' in Hawai`i."[5] 7/21/14 Order, 2014 WL 3579651, at *6 (quoting 28 U.S.C. § 1391(b)(2)).

Similarly, the Court finds that the New Jersey and Rhode Island state cases – which found that association expulsion decisions may warrant judicial review in certain cases since memberships "may create a property interest," Cipriani Builders, Inc. v. Madden, 912 A.2d 152, 158 (N.J. Super. Ct. App. Div. 2006), or "a contract in the nature of a property right," King v. Grand Chapter of Rhode Island Order of E. Star, 919 A.2d 991, 996 (R.I. 2007) – do not support Plaintiff's request for reconsideration of the 7/21/14 Order.

Since Plaintiff does not demonstrate compelling "reasons why the court should reconsider its prior decision" or "set forth facts or law of a strongly convincing nature," see Davis, 2014 WL 2468348, at *2, the Court DENIES the Motion for Reconsideration.

## **CONCLUSION**

On the basis of the foregoing, Plaintiff's Motion for Reconsideration of Order Granting in Part and Denying in Part

---

[5] Plaintiff now appears to argue that Caruth, and the two others, see *infra*, support one of the factors in the reasonableness analysis instead. [Mem. in Supp. of Motion for Reconsideration at 12.] For similar reasons, the Court also finds they provide little support for that argument.

Defendant Society of Accredited Marine Surveyors, Inc.'s Motion to Dismiss Complaint Filed March 17, 2014; and Transferring the Case to the Middle District of Florida, filed August 1, 2014, is HEREBY DENIED.

    IT IS SO ORDERED.

    DATED AT HONOLULU, HAWAII, September 25, 2014.



    /s/ Leslie E. Kobayashi
    Leslie E. Kobayashi
    United States District Judge

**DONALD J. "SKIP" RILEY, JR. VS. SOCIETY OF ACCREDITED MARINE SURVEYORS, INC.; CIVIL 14-00135 LEK-RLP; ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT SOCIETY OF ACCREDITED MARINE SURVEYORS, INC.'S MOTION TO DISMISS COMPLAINT FILED MARCH 17, 2014; AND TRANSFERRING THE CASE TO THE MIDDLE DISTRICT OF FLORIDA**